UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

USelia Minor

V.

CIVIL ACTION

No._____



Cabot, Cabot and Forbes Wellington III Circle Trust
VEF VI LLC

United States Army Corp of Engineers
United States Environmental Protection Agency
Massachusetts Department of Environment

## COMPLAINT

1. The plaintiff is not a resident of Massachusetts, but a citizen of the United States.

2. The defendants operate businesses in Massachusetts, and are the governing agency responsible for overseeing the applicable federal, state and local laws regarding the environmental issues mentioned below.

### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. 893.

### Facts

4. On or about November 1, the defendant commenced dredging activities in the historical Malden River.

5. The defendant has also destroyed a bike path in an area that has been licensed as a public access easement to the State of Massachusetts, as well as excavating the entire shoreline within the 100 foot buffer zone established as protected area by the Clean Rivers Act of 1972.

6. The defendant does not have a permit required to build a building on the adjacent site including approximately 100 apartments.

7. The defendant has since construction began on the public access easement, dumped fill within 25 feet of the river, in violation of the Waterway license.

8. The defendant has violated the Migratory Bird Act, the Wetlands Protection Act, the Rivers Protection Act, and the Clean Water Act by not conducting the appropriate studies required to assess the impact to the environment and wildlife within the Wetlands area and 100 foot buffer area adjacent to navigable waters of the United States.

9. The defendant has violated the Clean Water Act by continuing to allow excavated fill to enter navigable waters of the United States.

10. While the Environmental Protection Agency has discretion in overseeing the regulation of the Wetlands Protection Act, it did not act appropriately in allowing an extension of work completing the restoration of the public easement area within the 100 foot buffer zone and wetlands required to gain a Waterways license, issued in 1984, for a period of approximately 15 years, without performing the necessary studies reassessing the environmental impact to the area.

11. The Wetlands Protection Act Order of Conditions issued by the Massachusetts Department of Environment, file number 215-33 dated 5/10/87 along with the original; document number 668238,was valid for a period of three years, but did not dissolve the laws concerning the Waterway License and the public walkway along the river that was established at that time.

12. The proposed work on the site should not have been exempt from the Rivers Protection Act due to impact to the environment and pollution to navigable waters of the United States that the approximate 100 apartments will create in the overburdened sewage system, as witnessed by the sewage overflow into the Malden River.

13. The Environmental Protection Agency has acted negligently by allowing the construction of the condominium building when the permit was only granted for an office building, parking, conveyance of storm water, and public access to waterfront open space for passive recreational purposes.

14. The land adjacent to the Malden River, which is defined as Wetlands, is federally protected as there is a dam on the river, and was once navigable waters of the United States and is therefor continued to be defined as navigable waters of the United states and is under the jurisdiction of the U.S. Army Corp of Engineers.

15. **WHEREFORE,** the plaintiff seeks an immediate injunction against the construction on the site.

Case 1:16-cv-12315-IT   Document 1   Filed 11/23/16   Page 3 of 3